**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAVITI SOKHADZE,** | **Civil Action No.  26-2931 (MCA)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

Petitioner is a citizen of Georgia with a final order of removal who has filed a habeas petition pursuant to 28 U.S.C. § 2241, which challenges the revocation of his supervised release and his detention since September 3, 2025.  (*See* ECF No. 1.)  He has also filed an application for a temporary restraining order ("TRO") seeking to stay his transfer from this District and his removal from the United States.  (ECF No. 4.)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), the Court has examined this Petition and determined that dismissal prior to the answer is not warranted.

As noted above, petitioner also filed a TRO seeking to enjoin his transfer from this District and his removal from the United States.  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). To obtain a TRO or preliminary injunctive relief, a petitioner must typically demonstrate (1) that he is reasonably likely to prevail

eventually in the litigation and (2) that he is likely to suffer irreparable injury without relief. If these two threshold showings are made, the District Court then considers, to the extent relevant, (3) whether an injunction would harm respondents more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (citing *A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

Here, Chief Judge Bumb entered a Text Order on March 20, 2026, staying Petitioner's transfer from New Jersey pending further Order of the Court.  (ECF No. 2.)  In light of this relief to preserve the status quo, the Court denies without prejudice petitioner's request for a TRO because Petitioner has not addressed whether this Court has the authority to enjoin respondents, even temporarily, from executing his removal order.  *See Tazu v. Att'y Gen.*, 975 F.3d 292, 297 (3d Cir. 2020) ("The plain text of [8 U.S.C.] § 1252(g) covers decisions about whether and when to execute a removal order" and "funnels jurisdiction over that challenge into a petition for review in a single court of appeals.").  The Petitioner's claims are based in part on *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), which held that the INA's post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future."  In light of the length of Petitioner's detention, Respondents must establish to the Court's satisfaction that Petitioner's removal is reasonably foreseeable, but the appropriate relief on that claim is release from detention and not an order enjoining his removal.

For these reasons, the Court denies without prejudice petitioner's motion for a TRO. (ECF No. 4.)  The Court directs Respondents to file their answer within 14 days.  Petitioner may file a reply brief within 14 days thereafter.

**THEREFORE**, it is on this 21st day of March 2026,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that petitioner's motion for a TRO or a preliminary injunction (ECF No. 4) is denied without prejudice for the reasons stated herein; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 14 days, respondent shall electronically file a full and complete answer to said Petition, which responds to all factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to petitioner's claims; and it is further

**ORDERED** that petitioner may file and serve a reply in support of the Petition within 14 days after the answer is filed; and it is further

**ORDERED** that Respondents are free to ask the Court to lift the Order enjoining Petitioner's transfer from New Jersey; any such request must be filed on the docket and accompanied by evidence that Petitioner's removal is imminent; and it is further

**ORDERED** that within 7 days after any change in petitioner's custody or immigration status (be it release or otherwise) <u>occurring any time during the pendency of this case,</u> respondents shall electronically file a written notice of the same with the Clerk of the Court.

<u>*s/ Madeline Cox Arleo*</u>
**MADELINE COX ARLEO**
**United States District Judge**